# Wytheville.

## MASON v. MASON.

### JUNE 12, 1899.

1. APPEAL AND ERROR—*Limitations—Bill of Review—Section 3455 of Code.*—No appeal lies from a final decree dismissing a bill of review to a decree rendered more than six months prior to such final decree, unless the petition for such appeal be presented within six months from the date of such final decree. Code, section 3455.

On motion of appellee to dismiss the appeal as improvidently awarded.

*Appeal dismissed.*

A decree was pronounced May 31, 1893, adjudicating the principles of the case, and dismissing appellant's bill. On August 11, 1893, he was permitted to file a bill of review based upon alleged after discovered evidence. On August 2, 1897, the bill of review was dismissed, and on February 16, 1898, the petition for this appeal was presented.

*W. E. Burns,* for the appellee, insisted that the appeal should be dismissed, as improvidently awarded, and relied upon section 3455 of the Code, and *Jordan* v. *Cunningham,* 85 Va. 418.

*H. S. K. Morrison,* for the appellant, resisting the motion to dismiss, argued:

I respectfully submit that this motion should not prevail.

Sec. 3455 of the Code does not apply to this case. The decree
of August, 1897, is *not a "decree refusing a bill of review."*
The original bill was dismissed by the decree of May, 1893.
The bill of review was filed August, 1893, by leave of
court, after mature consideration by the court, and over the
objection of the defendant (the appellee here). The effect of
this bill of review was to introduce new elements into the con-
troversy, to require new lines of procedure and the adjudication
of other and new principles. In short, a new and different
case was made out and tried. This will appear from a consid-
eration of the interlocutory decree of August, 1895, and
from comparing it with the former decrees in the cause. The
decree here appealed from, that of August 2, 1897, while it
again decided the cause against the plaintiff and dismissed his
bill of review, was in fact an adjudication upon the merits of
an *entirely new and distinct case.* The word " refusal " can-
not be extended to such a length. This bill of review was not
*refused;* it was *allowed;* and on the new case made the bill
was *dismissed.*

Bouvier. " Refusal. The act of declining to receive or to do
something."

The case of *Jordan* v. *Cunningham*, 85 Va. 418, does not, as
I think, hold contrary to the views expressed above. In that case
the decree of October, 1884, decided that under the will of W.
C. Jordan the share of Oscar D. Jordan went to Cunningham
and not to James M. Jordan. The decree dismissing James M.
Jordan's bill of review, pronounced August, 1886, *merely re-
iterated* the principles of the decree of October, 1884. It did not
decree on a new or a different case. The bill of review does not
appear to have introduced any new elements into the case, nor
does it appear that the consent of the court was required for the
filing of that bill. It does not appear but that the grounds of the
bill were errors of law, and not newly discovered evidence as is
the case here.

It is true, as stated by Judge Fauntleroy, that the refusal to permit a bill of review to be filed is a refusal of the prayer of the bill. But suppose when new issues have been raised by the newly discovered evidence brought forward by a bill of review, the decree in such bill gives the plaintiff therein a *part of his claim* but not all, and he desires to appeal therefrom. Could it be held that this decree was a " refusal " of the bill? I think not. If not, would not the limitation to the appeal be twelve, and not six months. Suppose in this case, in accordance with the principles of the interlocutory decree of August, 1895, the plaintiff had by the final decree recovered, say, $5,000, but believed he should recover $15,000 and desired to appeal. Could it be contended that his bill had been " refused? " Certainly not. Now, after his bill had been *allowed*, and the new case made had proceeded to final decree and dismissal on the merits, where is the difference in principle from the proposition above stated?

The *converse* of the proposition decided in the opinion of Judge Fauntleroy, *supra*, is not sound. It cannot be said always that the refusal of the prayer of a bill of review is, in the meaning of this statute, a *refusal of the bill*. It cannot be contended, I think, that the opinion in the case of *Jordan* v. *Cunningham* nor the effect of the decision goes so far as to establish the last-named proposition as a general legal principle. If it were meant to do so, it would be *obiter dictum* and not binding in the case under discussion. The decision of that case did not require, nor did it involve, the decision of so broad a principle as this. For the case there made, the decision may have been correct, but I do not think it controls this case.

Again, is not the *narrow interpretation* of this statute the correct one? Does it not mean a *refusal to file*? Certainly the language of the statute itself seems to indicate it. A contrary intention if it existed should be made clear. Is it not the policy of the statute to limit this period to bills of review filed for after discovered evidence alone?

The following order was entered by the court:

Upon an appeal from and *supersedeas* to a decree pronounced by the Circuit Court of Russell county on the 2d day of August, 1897.

Upon the calling of this case, the appellee, by counsel, moved the court to dismiss the appeal heretofore granted therein, upon the ground that the same was improvidently awarded, which motion the appellant, by counsel, opposed. And the court, having maturely considered said motion and the argument therein, is of opinion that the said appeal was improvidently awarded.

It is therefore ordered that the same be dismissed, and that the appellee recover of the appellant his costs by him in this behalf expended.

Which is ordered to be certified to the said Circuit Court of Russell county.

*Appeal dismissed.*